FILED

2021 May-28  PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEOFFREY WANJOHI,                    )
                                     )
    Plaintiff,                   )
                                     )
vs.                                  )    CIVIL ACTION NUMBER:
                                     )    _____
                                     )
                                     )    JURY DEMAND
PIONEER INVESTMENT                   )
& DEVELOPMENT,                       )
                                     )
    Defendant.                   )

## COLLECTIVE ACTION COMPLAINT

### I.   Introduction

The Plaintiff, Geoffrey Wanjohi, files this lawsuit against the Defendant, Pioneer Investment & Development, for himself and all other similarly situated employees, pursuant to 29 U.S.C. §201 et seq. of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

### II.   Parties

1. Plaintiff Geoffrey Wanjohi resides in the State of Alabama and was employed by Defendant until January 2021.

2. Defendant Pioneer Investment & Development is a corporation conducting business in the State of Alabama and is subject to suit under the FLSA.

### III.  Jurisdiction

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

### IV.  Claims

4.     This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and the collection action provision of the Act, for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiff, as well as others similarly situated to Plaintiff, of their lawful wages.

5.     At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

6.     At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by §203(d) of the FLSA.

7.     At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

8.     Defendant owns and operates three stores in Tuscaloosa, Alabama, one store in Pelham, Alabama, and one store in Sylacauga, Alabama.

9.     At all times material to this action, Plaintiff was employed by Defendant at one of its Tuscaloosa, Alabama locations.

10.     Plaintiff and similarly situated employees were paid at an hourly rate.

11.     Plaintiff and similarly situated employees were required to work in excess of 40 hours per week.

12.     However, Plaintiff and similarly situated employees were not properly compensated at the overtime rate for all hours worked over 40 in a week.

13.     This action is brought to recover unpaid compensation owed to Plaintiff and all current employees and former employees of Defendant who worked more than 40 hours a week but were not paid overtime compensation.

14.     For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently requiring Plaintiff and other similarly situated hourly employees to work overtime without paying them overtime compensation for this work.

15.     Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, prejudgment interest, attorneys' fees, and costs.

16.     The overtime provisions set forth in §207 of the FLSA apply to Defendant and all members of the putative plaintiff class herein were covered by §207 of the FLSA while they were employed by Defendant.

## <u>COUNT I - FLSA VIOLATION</u>

17.    Plaintiff reasserts and incorporates by reference the paragraphs above as if fully restated herein.

18.    At all times relevant to this action, Defendant employed Plaintiff and Plaintiff was paid on an hourly basis.

19.    The services performed by Plaintiff and other similarly situated employees were a necessary and integral part of and directly essential to Defendant's business.

20.    Plaintiff and other hourly employees were required to work overtime hours and were not properly compensated for those hours.

21.    Defendant was aware of the hours worked and its refusal to pay its employees properly under the FLSA.

22.    Defendant has intentionally failed and/or refused to pay Plaintiff and other similarly situated hourly employees overtime compensation according to the provisions of the FLSA.

23.    Defendant's system and practices of pay and its refusal to abide by the FLSA has existed for at least three years prior to filing this Complaint.

24.    Defendant utilizes the same illegal system and practice of compensating its hourly employees at all of its locations in the state of Alabama.

25.    For at least three years, Defendant has been aware of the requirements of the FLSA to pay overtime rate when employees perform overtime work. Despite this knowledge, Defendant has failed to pay Plaintiff and other similarly situated employees the mandatory lawful overtime wage as required by the FLSA.

26.    There are other similarly situated current employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

27.    Defendant has told Plaintiff and other similarly situated employees that Defendant does not and would not pay overtime rates.

28.    Defendant has engaged in a pattern and practice of violating the provisions of FLSA by failing to pay Plaintiff and other similarly situated current and former employees in accordance with §207 of the FLSA.

29.    As a result of Defendant's violations of the FLSA, the Plaintiff, as well as all others similarly situated , have suffered damages by failing to receive overtime wages in accordance with §207 of the FLSA.

30.     In addition to the amount of unpaid wages owing to Plaintiff and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages and prejudgment interest pursuant to §216.

31.     Defendant's conduct was willful.

32.     Defendant has not made a good faith effort to comply with the FLSA.

33.     Defendant continues to violate the FLSA through its unlawful pay practices.

## V.     Prayer for Relief

Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

1.     At the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all of Defendant's current and former hourly employees who performed work for Defendant during the three years immediately preceding the filing of this suit informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid an overtime rate;

2.     Plaintiff and all other similarly situated persons who opt into this suit be awarded damages in the amount of their unpaid compensation, plus an equal amount of liquidated damages, and prejudgment interest;

3.     Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

4.     Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Kevin W. Jent
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com
kjent@wigginschilds.com

*Counsel for Plaintiff*


The plaintiff demands a trial by jury on all claims triable to a jury.


*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Pioneer Investments & Development
c/o Nisha Bagani, Reg. Agent
2352 Arbor Glenn
Hoover, AL 35244

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

7